UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARCEL ALBERT,<br><br>    Plaintiff,<br><br>    v.<br><br>EMBASSY OF MUSIC GMBH, et al.,<br><br>    Defendants. | Case No.  5:19-cv-06652-EJD<br><br>**ORDER DENYING LEAVE TO AMEND, GRANTING MOTION TO DISMISS AND DENYING MOTION TO STRIKE**<br><br>Re: Dkt. Nos. 33, 42, 54 |

Plaintiff Marcel Albert, proceeding pro se, brought this action against Defendant Embassy of Music GMBH ("Embassy") and YouTube, LLC ("YouTube"), a wholly owned subsidiary of Google LLC (together with YouTube, "Google"), alleging violations of the Digital Millennium Copyright Act ("DMCA") and unjust enrichment. Dkt. No. 1 ("Original Complaint"). After amending his complaint once as a matter of course (Dkt. No. 13), Plaintiff now seeks leave to file a Second Amended Complaint in order to add new allegations and a new defendant, Jennifer Lee Taylor. Dkt. No. 33 ("Motion to Amend"). Google opposes the Motion to Amend and simultaneously moves to dismiss the claims against it in the First Amended Complaint. Dkt. No. 42 ("Motion to Dismiss"). Non-party Taylor also opposes Plaintiff's Motion to Amend. Dkt. No. 43 ("Taylor Opposition"). In response, Plaintiff filed a Motion to Strike the Taylor Opposition for violation of Federal Rule of Evidence 408. Dkt. No. 54 ("Motion to Strike").

The Court took these motions under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons stated below, the Motion to Amend is DENIED, the Motion to Dismiss is GRANTED and the Motion to Strike is DENIED.

## I. Background[1]

Plaintiff is a professional in the music industry and acts as the "exclusive monetization agent for royalties" for Tuukka's Tracks KY ("Tuukka's Tracks"), a Finnish entity that allegedly has the exclusive right to exploit the song "Endless Summer," by Oceana (the "Song"). Proposed Second Amended Complaint, Dkt. No. 33-1 ("PSAC"), ¶¶ 2-3. Plaintiff alleges that Defendant Embassy assigned the "Exclusive Rights for various global territories for exploitation of the copyright in and to [the Song]" and that Tuukka's Tracks in turn licensed those rights to Plaintiff. *Id.* at ¶ 3. As evidence of the transfer, Plaintiff attaches to the PSAC the purported "Exclusive Licensing Contract" between Embassy and Tuukka's Tracks. *See* Dkt. No. 33-4.

Plaintiff alleges that as the monetization agent for Tuukka's Tracks, he is entitled to any revenue generated by the Song on YouTube. PSAC at ¶ 3. Variations of the Song cumulatively have hundreds of millions of views on YouTube, which generates substantial revenue. *Id.* at ¶ 5. All revenue from the Song was being paid to Embassy until Plaintiff filed a DMCA Takedown Notice with YouTube asserting his "sole control of exclusive rights" as to the Song. YouTube took down the content. *Id.* at ¶ 8. Embassy then filed a DMCA Counterclaim with YouTube, and YouTube reinstated the content and gave notice that it would remain active absent the initiation of legal proceedings.

On October 16, 2019, Plaintiff filed the present lawsuit. On March 27, 2020 Plaintiff filed his First Amended Complaint. Dkt. No. 13 ("FAC"), which asserts claims against Embassy for violation of the DMCA (Count 1) and unjust enrichment (Count 2). PSAC at ¶¶ 13-25. Plaintiff further alleged that YouTube violated its own "three strikes policy," by which a user's "channel" may be terminated following multiple uncontested copyright violations, and seeks a preliminary

---

[1] Except where otherwise noted, this background considers the facts as alleged in Plaintiff's Proposed Second Amended Complaint and only discusses the facts pertinent to the motions at hand.

CASE NO.: **5:19-CV-06652-EJD**
ORDER DENYING LEAVE TO AMEND, GRANTING MOTION TO DISMISS AND DENYING MOTION TO STRIKE

injunction against YouTube ordering it to redirect royalties to Plaintiff, among other things. *Id.* at ¶¶ 23-25.

Upon receiving Plaintiff's original complaint, Embassy hired as counsel Jennifer Lee Taylor, who sent Plaintiff a letter demanding that he withdraw his claims. *Id.* at ¶ 11. Ms. Taylor's letter alleges that Plaintiff's claim of ownership over the copyright for the Song is false and that Plaintiff forged legal agreements and other documentation in order to substantiate his baseless claim. *See* Taylor Decl. Ex 1 ("Demand Letter").[2] The Demand Letter states that Plaintiff engaged in a "campaign of harassment" against Embassy and its employees using threats, profanity, and vulgar language in order to extort a settlement payment from Embassy. *Id.* The Demand Letter further suggests that certain business associates of Plaintiff, such as Tuukka's Tracks employees "Kyle Kennedy" and "Raphael Pleasant, Jr.," are actually aliases of Plaintiff himself.

In her declaration, Ms. Taylor states that about one month after sending the Demand Letter she and her colleague Nicholas Herrera received an email from a Tuukka's Tracks email address, signed by Tuukka's Tracks employee Kyle Kennedy. Taylor Decl. Ex. 4, Dkt. No. 43-5 ("Kennedy Email"). The Kennedy Email contained the header "Without Prejudice, Save As To Costs [] Settlement Rules Apply."[3] *Id.* In the email, Mr. Kennedy claimed that the Demand Letter

---

[2] Plaintiff submitted two incomplete versions of the Taylor Letter to the Court: the first with his First Amended Complaint (Dkt. No. 13), and the second with his Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. No. 20). Plaintiff redacted both versions without marking the letter or the omissions as "redacted." Plaintiff is directed to comply with Civil Local Rule 79-5 for any future filings that he seeks to file in redacted form.

[3] Following Ms. Taylor's submission of her opposition, Plaintiff filed a Motion to Strike her opposition on the grounds that this exhibit and others are protected by Federal Rule of Evidence 408. For the reasons stated in Section III(C) below, the Court disagrees and finds it proper to

**CASE NO.: 5:19-CV-06652-EJD**
ORDER DENYING LEAVE TO AMEND, GRANTING MOTION TO DISMISS AND DENYING MOTION TO STRIKE

3

contained "outlandish and libelous statements" and demanded money for "remuneration for the damages" and "reimbursement for the costs" resulting from the Demand Letter. *Id.* Mr. Kennedy further stated:

> "[W]e are drafting complaints to be submitted to The State Bar of California against Ms. Taylor and Mr. Herrera for their part in this scheme to slander our entity, as well as our board members and Mr. Albert himself. Ms Taylor and Mr. Herrera have a legal ethics obligation to fully investigate all matters prior to making libelous allegations, and disseminating same to 3rd parties. By failing to take proper care, you both have breached your ethical obligations as members of The State Bar of California. Failure to comply will result in additional actions against you and your client."

*Id.*

Plaintiff now seeks to amend his complaint to add Ms. Taylor as a defendant and to add allegations and claims against her based on her Demand Letter. Plaintiff argues that Ms. Taylor's allegations in the Demand Letter are false and defamatory and that she published them by sending the letter to "several parties, including but not limited to Defendant YouTube." PSAC at ¶ 28. Specifically, he asserts claims for "libel & slander" (Count 4) and tortious interference with contract (Count 5) against both Embassy and Ms. Taylor, and asserts a claim for "Negligence of Defense Counsel" (Count 6) against Ms. Taylor alone. Plaintiff attaches to the PSAC the Affidavit of Steven G. Burgess, a purported expert in cyber forensics, attesting to the validity of the Exclusive Licensing Contract. Dkt. No. 33-4.

Ms. Taylor filed an opposition to Plaintiff's Motion to Amend, arguing that Plaintiff's proposed claims against her are brought in bad faith, would cause prejudice, and are futile. Dkt. No. 57. Plaintiff then filed a Motion to Strike Ms. Taylor's opposition on the grounds that

---

consider Ms. Taylor's declaration and supporting exhibits.

1    portions of her brief and exhibits, including references to the Kennedy Email, are confidential

2    under Federal Rule of Evidence 408. Dkt. No. 54. Despite Ms. Taylor's appearance on her own

3    behalf in this action, Embassy has not been served and has not appeared in these proceedings. *See*

4    Dkt. No. 619 (Clerk's Declination of Default as to Embassy).

5        Separately, Defendant Google filed a combined Motion to Dismiss Plaintiff's FAC and

6    opposition to Plaintiff's Motion to Amend. Dkt. No. 42. Plaintiff filed a response arguing that the

7    Motion to Dismiss the FAC was mooted by Plaintiff's prior filing of the Motion to Amend and the

8    PSAC. Dkt. No. 53.

9    **II.     Legal Standard**

10       **A.   Motion to Dismiss**

11       Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient

12   specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which

13   it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted).

14       A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state

15   a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Dismissal can be based on

16   "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable

17   legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a

18   Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as

19   true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

20   (2009) (discussing Federal Rule of Civil Procedure 8(a)(2)). A claim has facial plausibility when

21   the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

22   defendant is liable for the misconduct alleged. *Id.* The requirement that the court must "accept as

23   true" all allegations in the complaint is "inapplicable to legal conclusions." *Id.*

24       **B.   Motion to Amend**

25       Leave to amend shall be freely given when justice so requires. Fed.R.Civ.P. 15(a). *Miller*

26   *v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). In determining whether leave to amend

27   **CASE NO.: 5:19-CV-06652-EJD**
28   ORDER DENYING LEAVE TO AMEND, GRANTING MOTION TO DISMISS AND
     DENYING MOTION TO STRIKE

United States District Court
Northern District of California

is appropriate, the district court considers "the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). Of these factors, "the consideration of prejudice to the opposing party . . . carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

If leave to amend would be futile, the court may deny leave. *See Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990) ("It is not an abuse of discretion to deny leave to amend when any proposed amendment would be futile"). A "proposed amendment is futile only if no set of facts can be proved under the amendment that would constitute a valid claim." *Armas v. USAA Cas. Ins. Co.*, No. 5:17-CV-06909-EJD, 2019 WL 3323057, at *3 (N.D. Cal. July 24, 2019) (quoting *In re Cir. Breaker Litig.*, 175 F.R.D. 547, 551 (C.D. Cal. 1997)). In other words, "[t]he test for whether amendment of a complaint is futile is the same as whether a proposed amendment would survive a challenge under Rule 12(b)(6)." *McGowan v. Cty. of Kern*, No. 115-CV-01365-DAD-SKO, 2018 WL 2734970, at *4 (E.D. Cal. June 7, 2018).

### C. Motion to Strike

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that will arise from litigating spurious issues by dispensing with those issues prior to trial." *Solis v. Zenith Capital, LLC*, No. 08-cv-4854-PJH, 2009 WL 1324051, at *3 (N.D. Cal. May 8, 2009) (citing *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)).

Motions to strike are generally disfavored. *Shaterian v. Wells Fargo Bank, N.A.*, 829 F. Supp. 2d 873, 879 (N.D. Cal. 2011); *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004). A motion to strike should only be granted if it is clear that the matter sought to be stricken has no possible bearing on the subject matter of the litigation. *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991); *Fantasy, Inc. v. Fogerty*, 984

F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994) ("'Immaterial matter' is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." (citation omitted)).  Statements that do not pertain, and are not necessary, to the issues in question are impertinent. *Id.*

If there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion to strike. *Platte Anchor Bolt*, 352 F. Supp. 2d at 1057. Indeed, just as with a motion to dismiss, the court should view the pleading sought to be struck in the light most favorable to the nonmoving party. *Id; Izzetov v. Tesla Inc.*, No. 5:19-CV-03734-EJD, 2020 WL 1677333, at *3 (N.D. Cal. Apr. 6, 2020).

### III.  Discussion

#### A.  Motion to Dismiss

As an initial matter, Plaintiff argues that Google's Motion to Dismiss is mooted by Plaintiff's filing the Motion to Amend.  The Court disagrees.  While the filing of an amended complaint typically moots a *pending* motion to dismiss, here Google filed its Motion to Dismiss *after* Plaintiff's Motion to Amend as part of its opposition to that Motion.  Plaintiff did not file an amended complaint, but rather filed a motion seeking leave to do so.  Thus, Google's combined Motion and Opposition properly argues that leave should be denied, and the remaining operative complaint dismissed.

Google argues that the case should be dismissed as to Google because Plaintiff fails to state a claim against it.  Both the FAC and the PSAC contain a single "count" against Google, which is titled "Preliminary Injunction against Defendant YouTube LLC" and which requests that YouTube be required to "immediately remove any and all claims of monetization on the song ["Endless Summer"] other then [sic] submitted by Plaintiff," and "to immediately cease and desist payments to Defendant [Embassy]" and "redirect said royalties to Plaintiff," among other actions. FAC at ¶ 24; PSAC at ¶¶ 24.

It is well-settled that "[a]n injunction is a remedy, not a separate claim or cause of action."

**CASE NO.: 5:19-CV-06652-EJD**
ORDER DENYING LEAVE TO AMEND, GRANTING MOTION TO DISMISS AND DENYING MOTION TO STRIKE

7

*See, e.g.*, *Fortaleza v. PNC Fin. Servs. Grp., Inc.*, 642 F. Supp. 2d 1012, 1028 (N.D. Cal. 2009) dismissing claim for injunctive relief for failure to state a claim "because a request for injunctive relief by itself does not state a cause of action"); *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) ("A pleading can . . . request injunctive relief in connection with a substantive claim, but a separately pled claim or cause of action for injunctive relief is inappropriate."); *Cruz v. Select Portfolio Servicing, Inc.*, No. 19-CV-00283-LHK, 2019 WL 2299857, at *10 (N.D. Cal. May 30, 2019) (dismissing "the claim for injunctive relief because a 'claim for injunctive relief is not an independent cause of action.'"); *Rosal v. First Fed. Bank of Cal.*, 671 F. Supp. 2d 1111, 1136 (N.D. Cal. 2009) ("Because a request for injunctive relief by itself does not state a cause of action, this claim is dismissed.").

Plaintiff argues that because he is pro se, his complaint should be construed as stating a claim against Google even if he "mis-labeled" the count. Dkt. No. 53 at ¶ 15. The Court agrees that pro se pleadings must be held to less stringent standards than those drafted by lawyers, however, they are not exempt from the pleading requirements of Rule 8. *See Richards v. Harper*, 864 F.2d 85, 88 (9th Cir. 1988) (affirming dismissal of pro se complaint because "even under our liberal standard for evaluating the dismissal of a *pro se* action" the "vague and conclusory allegations" were insufficient to state a claim). Liberally construing both the FAC and the PSAC, the Court finds that the only possible theory Plaintiff could advance based on his allegations is that YouTube "refused to follow their own guidelines [and] terminate Defendant Embassy of Music's YouTube Channel." Dkt. No. 53 at ¶ 16; PSAC at ¶ 9. Plaintiff does not explain any legal theory by which that refusal could subject YouTube to liability. Thus the Court finds that the fact that YouTube may not have followed its own policies, without more, is not sufficient to state a claim against Google. *See Richards*, 864 F.2d at 88 (in evaluating a pro se complaint, courts "do not supply essential elements of a claim that were not initially pleaded").

Because injunctive relief is not a separate cause of action and because Plaintiff does not plead any substantive claim against Google for which an injunction may be a remedy, Google's

**CASE NO.: 5:19-CV-06652-EJD**
ORDER DENYING LEAVE TO AMEND, GRANTING MOTION TO DISMISS AND DENYING MOTION TO STRIKE

8

Motion to Dismiss the FAC as to Google is GRANTED and count three in the FAC is DISMISSED. Because the PSAC suffers from the same defect as the FAC, leave to amend as to claims against Google is DENIED.

### A. Motion to Amend

Plaintiff argues that he should be granted leave to file the PSAC because new events have transpired in the time since he filed the FAC that he believes amount to new claims or support his existing claims. Ms. Taylor argues that the Motion to Amend should be denied because the allegations he seeks to add about her are made in bad faith, cause prejudice to her client, and fail to state a claim and are therefore futile.

Ms. Taylor argues that amending the complaint would be futile because her conduct is fully protected by the California litigation privilege, the *Noerr-Pennington* doctrine, and the California Anti-SLAPP statute. Specifically, she argues that sharing the Demand Letter with counsel representing Google in this case is absolutely immune as a matter of law from a libel claim because she shared the letter in the course of a judicial proceeding pursuant to a joint defense and common interest agreement. Taylor Decl. ¶ 9. Similarly, she argues that the litigation privilege bars liability for negligence as well.

The Court agrees. "California Civil Code section 47(b) provides that communications made in or related to judicial proceedings are absolutely immune from tort liability." *Epistar Corp. v. Philips Lumileds Lighting Co., LLC*, 2008 WL 3930030, at *6 (N.D. Cal. Aug. 26, 2008). The privilege applies to any communications "(1) made in a judicial proceeding; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; (4) that have some connection or logical relation to the action" and has been has been "broadly applied to demand letters and other prelitigation communications by attorneys." *Sharper Image Corp. v. Target Corp.*, 425 F. Supp. 2d 1056, 1077-78 (N.D. Cal. 2006). "Once these requirements are met, § 47(b) operates as an absolute privilege." *Epistar*, 2008 WL 3930030, at *6.

Ms. Taylor, counsel to Defendant Embassy, sent the Demand Letter to both Plaintiff and

**CASE NO.: 5:19-CV-06652-EJD**
ORDER DENYING LEAVE TO AMEND, GRANTING MOTION TO DISMISS AND DENYING MOTION TO STRIKE

1   Google's counsel, after the suit was filed, with the goal of convincing Plaintiff to withdraw his

2   claims. The Demand Letter specifically identifies the present action and addresses the allegations

3   in the complaint. Thus, the Demand Letter meets the requirements for the litigation privilege to

4   apply, and Plaintiff may not sustain a libel claim on the basis of its contents. *Vo v. Nelson &*

5   *Kennard*, 931 F. Supp. 2d 1080, 1096 (E.D. Cal. 2013) ("Libel is the canonical tort barred by the

6   litigation privilege.").

7   Furthermore, the litigation privilege grants "'absolute immunity' from 'all torts other than

8   malicious prosecution, *including fraud, negligence, and negligent misrepresentation.*'" *Johnson v.*

9   *Liberty Mut. Ins.*, 2013 WL 415585, at *5 (N.D. Cal. Jan. 31, 2013) (emphasis in original)

10  (quoting *Harris v. King*, 60 Cal. App. 4th 1185, 1188 (1998)); *see also Vo*, 931 F. Supp. 2d at

11  1096 (dismissing negligence claim without leave to amend based on litigation privilege). Thus,

12  Plaintiff's claim for negligence against Ms. Taylor is barred by the litigation privilege.

13  Plaintiff does not address Ms. Taylor's arguments regarding the litigation privilege, or any

14  of the privileges she asserts; rather, he focuses on disproving the "slanderous accusations" in the

15  Demand Letter and Ms. Taylor's Opposition. Dkt. No. 49. Plaintiff attached to his reply a copy

16  of his Ontario Driver's License in an effort to prove his identity and resubmitted the Burgess

17  Declaration to show that the legal documents on which his claims rest are not forged. Dkt. Nos.

18  49-1, 49-2. Even if Plaintiff could prove that Ms. Taylor's allegations are false, however, her

19  statements in the Demand Letter are still protected by the litigation privilege. Because the PSAC

20  fails to state a claim against Ms. Taylor, amendment would be futile and Plaintiff's Motion to

21  Amend is DENIED. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment

22  can, by itself, justify the denial of a motion for leave to amend.").

23  Because the Court finds that the litigation privilege applies and renders amendment futile,

24  it need not address Ms. Taylor's arguments regarding related privileges or the substantive

25  deficiencies of Plaintiff's claims.

**CASE NO.: 5:19-CV-06652-EJD**
ORDER DENYING LEAVE TO AMEND, GRANTING MOTION TO DISMISS AND
DENYING MOTION TO STRIKE

10

### B. Motion to Strike

Plaintiff argues that the Court should strike Ms. Taylor's Opposition brief in its entirety "for egregious and willful repeated violations of [Federal Rule of Evidence] 408." Dkt. No. 54. In addition to Ms. Taylor's Opposition, Plaintiff seeks to strike the Declaration of Konrad von Löhneysen, founder and Managing Director of Embassy, filed in support thereof (Dkt. No. 43-7), as well as four exhibits filed in connection with Ms. Taylor's Opposition and the von Löhneysen Declaration, including:

- Exhibit 4 to Ms. Taylor's Declaration (Dkt. No. 43-5)
- Exhibit 5 to Ms. Taylor's Declaration (Dkt. No. 43-6)
- Exhibit I to the von Löhneysen Declaration (Dkt. No. 43-16)
- Exhibit J to the von Löhneysen Declaration (Dkt. No. 43-17)

These exhibits contain communications from Plaintiff or Plaintiff's associates that were labeled "Without Prejudice," "Without Prejudice Save As To Costs," "For Settlement Purposes only" and/or "All Rights Reserved." Plaintiff argues that these labels indicate that the communications were part of settlement negotiations on behalf of Plaintiff and are therefore protected by Rule 408.

Ms. Taylor argues that these were not part of settlement negotiations but rather, were unsolicited communications made after the lawsuit was filed, to which neither Ms. Taylor nor Embassy ever responded. Dkt. No. 57. Ms. Taylor further argues that two of the documents "make veiled or explicit threats against Ms. Taylor and Embassy and then seek payment in exchange for dropping this lawsuit and Albert's fraudulent takedown notice to YouTube," (*see* Dkt. Nos. 43-5, 43-7, 43-17). The other two documents "do not discuss payment or any offers to compromise or settle" at all (*see* Dkt. Nos. 43-6, 43-16). *Id.* at 2.

Federal Rule of Evidence 408 states, in pertinent part:

> Evidence of the following is not admissible—on behalf of any party—either to prove or disprove the validity or amount of a disputed claim . . . (1)

>furnishing, promising, or offering—or accepting, promising to accept, or offering to accept—a valuable consideration in compromising or attempting to compromise the claim; and (2) conduct or a statement made during compromise negotiations about the claim."

Fed. R. Civ. P. 408. Courts are given "latitude in determining, 'under the circumstances of [a given] case,' whether evidence should be excluded as part of settlement negotiations under Rule 408." *Telecom Asset Mgmt., LLC v. FiberLight, LLC*, 730 F. App'x 443, 446 (9th Cir. 2018) (quoting *Cassino v. Reichhold Chems., Inc.*, 817 F.2d 1338, 1342 (9th Cir. 1987).

The Court finds that none of the communications Plaintiff seeks to strike constitute statements made "during compromise negotiations," because such negotiations never took place. The use of a settlement-related header or disclaimer on a communication does not necessarily signal the initiation of settlement negotiations without some corresponding agreement to or understanding of that effect by the opposing party. Additionally, two of the communications that Plaintiff seeks to strike do not include any mention whatsoever of an offer or attempt to compromise. Dkt. No. 43-6 and Dkt. No. 46-16.

The two remaining communication do mention settlement, however, the Court finds that neither communication constitutes an offer or attempt to settle the dispute such that they should be excluded under Rule 408. The first communication is the Kennedy Email, in which Mr. Kennedy lists a number of demands and then states that "[o]nce all of these have been addressed, and a settlement entered in to, subject to contract, we will instruct Mr. Albert to withdraw his lawsuit." Dkt. No. 43-5. He further stated that "[f]ailure to comply will result in additional actions against [Ms. Taylor] and [Embassy]." The second communication is an email from Mr. Raphael Pleasant, Jr., Chief of Operations of Tuukka's Tracks, to Embassy's Mr. von Löhneysen stating that "our time is better spent reaching a resolution" and "I look forward to resolving this matter with you." Dkt. No. 43-17. These statements are, at best, understood as invitations to initiate settlement discussions, and at worst, threats of extortion "half-couched in legalese." *See aPriori Techs., Inc.*

**CASE NO.: 5:19-CV-06652-EJD**
ORDER DENYING LEAVE TO AMEND, GRANTING MOTION TO DISMISS AND DENYING MOTION TO STRIKE

*v. Broquard*, 2017 WL 2999027, at *2 (C.D. Cal. June 1, 2017) (quoting *Stenehjem v. Sareen*, 226 Cal. App. 4th 1405, 1425 (2014)).  Moreover, both communications were sent by representatives of Tuukka's Tracks, which is not a party to this suit.  Indeed, Mr. Kennedy specifically stated that Tuukka's Tracks had no power to settle the lawsuit on behalf of Plaintiff.  Dkt. No. 43-5 ("Whilst we can request/suggest to Mr. Albert that he be a signatory to any such agreement [to withdraw the lawsuit], he is an independent individual with a track record of successful participation in law suits, depositions, etc. in California, so you will have to ultimately make him happy as well as he is the one that filed the suit against you").

The Court finds that none of the exhibits are subject to Rule 408 and therefore neither are the Opposition or the declarations that reference those exhibits.  Thus, Plaintiff's Motion to Strike is DENIED.

**IV.     Conclusion**

For the reasons stated above, Plaintiff's Motion to Amend and Motion to Strike are **DENIED**.  Google's Motion to Dismiss the FAC as to Google is **GRANTED** with prejudice.

**IT IS SO ORDERED.**

Dated:           July 27, 2020

_____
EDWARD J. DAVILA
United States District Judge

**CASE NO.: 5:19-CV-06652-EJD**
ORDER DENYING LEAVE TO AMEND, GRANTING MOTION TO DISMISS AND DENYING MOTION TO STRIKE

13