1

2

3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MARCEL ALBERT,

Plaintiff,

v.

EMBASSY OF MUSIC GMBH, et al.,

Defendants.

Case No.  5:19-cv-06652-EJD

**ORDER DENYING MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS AND DENYING MOTION TO DIRECT CLERK TO TRANSMIT IFP MOTION**

Re: Dkt. Nos. 70, 73

On July 29, 2020, the Court granted Plaintiff's motion to dismiss this case without prejudice (Dkt. No. 67) and shortly thereafter Plaintiff filed a notice of appeal to the United States Court of Appeals for the Ninth Circuit.  Dkt. No. 68.  On August 9, 2020, Plaintiff filed a motion in this Court for leave to appeal *in forma pauperis* ("IFP").  Dkt. No. 70.  For the reasons stated below, Plaintiff's motion is **DENIED**.

Individuals must pay a $505.00 filing fee to commence an appeal in the Court of Appeals. Under the Federal Rules of Appellate Procedure ("FRAP"), a party who is unable to pay the fees may file a motion in the district court for leave to appeal IFP.  In order to proceed IFP on appeal, a party must comply FRAP 24(a)(1), which provides:

> Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>
> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;

United States District Court
Northern District of California

1    (B) claims an entitlement to redress; and

2    (C) states the issues that the party intends to present on appeal.

3    Fed. R. App. P. 24(a)(1). Plaintiff has failed to do so. First, he has not utilized Form 4, nor

4    provided the detail otherwise necessary to demonstrate his inability to pay or give security for fees

5    and costs. Plaintiff has instead completed and provided the district court's application to proceed

6    IFP. Although that form does not contain all of the information required under FRAP 24, the

7    Court finds the information provided sufficient to render a decision on Plaintiff's motion.

8    Proceeding "*in forma pauperis* is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114,

9    116 (9th Cir. 1965); *Franklin v. Murph*y, 745 F.2d 1221, 1231 (9th Cir. 1984) ("court permission

10   to proceed *in forma pauperis* is itself a matter of privilege and not right; denial of in forma

11   pauperis status does not violate the applicant's right to due process"). Leave to proceed IFP is

12   properly granted only when the plaintiff has both demonstrated poverty and presented a claim that

13   is neither factually nor legally frivolous. *See Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368,

14   1370 (9th Cir. 1987). A party need not be completely destitute to proceed IFP. *Adkins v. E.I.*

15   *DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). However, "[i]f an applicant has the

16   wherewithal to pay court costs, or some part thereof, without depriving himself and his dependents

17   (if any there be) of the necessities of life, then he should be required, in the First Circuit's phrase,

18   to 'put his money where his mouth is.'" *Williams v. Latins*, 877 F.2d 65 (9th Cir. 1989). The

19   determination as to whether a plaintiff is indigent and therefore unable to pay the filing fee falls

20   within the court's sound discretion. *California Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th

21   Cir. 1991) (reversed on other grounds).

22   Plaintiff's motion indicates that in the last twelve months he has received $35,000 from his

23   self-employment and an additional $40,000 from royalties. He is not married, does not have any

24   children or dependents, and does not have any debts. Plaintiff asserts that his monthly expenses

25   consist of $2500 for rent, $400 for utilities, $1500 for food, and $500 for clothing. Plaintiff does

26   not provide any additional detail explaining why his monthly food and clothing expenses are so

27

28   Case No.: 5:19-cv-06652-EJD
     ORDER DENYING MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS AND
     DENYING MOTION TO DIRECT CLERK TO TRANSMIT IFP MOTION

United States District Court
Northern District of California

high, nor why he claims to have only $3500 in his bank account despite earning $75,000 in the last year. Based on this information alone, it is clear to the Court that Plaintiff is able to pay the $505 filing fee on appeal without depriving himself of the necessities of life. Therefore, Plaintiff's motion for leave to appeal IFP is **DENIED**.

Plaintiff additionally filed an "Emergency Motion To Direct This Honorable Clerk Of Court Demanding That Notice Of Appeal & IFP Motion In Regards To Same (#70) Properly And Timely Filed By Pro Se Plaintiff Be Transmitted, And Confirmed Received By The Clerk Of Court For The USCA In Regards To Docket #71." Dkt. No. 73. The Clerk is under no obligation to transmit Plaintiff's motion to the Court of Appeals. The motion is procedurally improper and is **DENIED**.

Pursuant to FRAP 24(a)(4), the Clerk shall notify the Court of Appeals that Plaintiff's motion for leave to appeal IFP has been denied. In order to proceed with his appeal, Plaintiff may either pay the filing fee or submit a motion in the court of appeals pursuant to FRAP 24(a)(5).[1]

**IT IS SO ORDERED.**

Dated: August 12, 2020

EDWARD J. DAVILA
United States District Judge

---

[1] The Federal Rules of Appellate Procedure and the Ninth Circuit Rules are available on the Ninth Circuit website, at https://www.ca9.uscourts.gov/rules/. Plaintiff is encouraged to consult the Rules in advance of future filings. Plaintiff may also find it helpful to consult the Ninth Circuit's instructions for pro se litigants, available at https://www.ca9.uscourts.gov/forms/pro_se_litigants.php.

Case No.: 5:19-cv-06652-EJD
ORDER DENYING MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS AND
DENYING MOTION TO DIRECT CLERK TO TRANSMIT IFP MOTION

3